concur. Adjudged that the petition is dismissed, as moot, without costs.

■ In the Matter of ONIEL BROWN, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [724 NYS2d 360] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

The Attorney General has advised this Court by letter that the determination at issue has been administratively reversed and that all references thereto have been expunged from petitioner's institutional record. Inasmuch as petitioner has received all the relief to which he is entitled, the matter is dismissed as moot (*see, Matter of Curtis v Goord*, 274 AD2d 808; *Matter of Maldonado v Miller*, 259 AD2d 912).

Mercure, J. P., Crew III, Peters, Spain and Lahtinen, JJ., concur. Adjudged that the petition is dismissed, as moot, without costs.

■ In the Matter of the Claim of MICHELLE K. BROWN, Appellant. COMMISSIONER OF LABOR, Respondent. [724 NYS2d 537] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 24, 2000, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed as a patient registrar and admissions clerk for a hospital until she resigned after three weeks, stating that she was leaving for personal reasons and due to family problems. Claimant subsequently indicated, however, that she left her employment because she was dissatisfied with her working conditions inasmuch as, *inter alia*, she had not anticipated that she would come in contact with sick patients.

Substantial evidence supports the Unemployment Insurance Appeal Board's ruling that claimant voluntarily left her employment without good cause. Notably, the Board found that claimant did not discuss her concerns about the working conditions with the employer at the time of her resignation. It is well settled that "[r]esigning from employment because of general dissatisfaction with the job does not necessarily constitute good cause for leaving employment particularly where, as here, the claimant fails to protect his or her employment by bringing the concern to the employer's attention prior to resign-

ing" (*Matter of Parmeter [Commissioner of Labor]*, 270 AD2d 552, 553, *lv denied* 95 NY2d 756; *see, Matter of Rahman [Commissioner of Labor]*, 257 AD2d 945). To the extent that claimant asserts that a representative of the local unemployment office misinformed her as to her eligibility to receive benefits if she quit her job, this presented a credibility issue which the Board was entitled to resolve against claimant (*see, Matter of Haydenn [Commissioner of Labor]*, 278 AD2d 652).

Cardona, P. J., Crew III, Spain, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.